SWANN, Judge
(dissenting).
I respectfully dissent from that part of the majority opinion which holds that a taxpayer is entitled to the statutory discount set forth in Fla.Stat. § 193.41, F.S.A., when it makes a partial payment of its assessed taxes to the tax collector, in such an amount as it admits to be legal and due and when such payments are paid during the months specified in the statute.
The specific language of Fla.Stat. § 193.-41, F.S.A., which provides for tax discounts states, in pertinent part:
“On all taxes assessed on the county tax rolls and collected by the county tax collector, discounts for early payment thereof shall be at the rate of four per cent in the month of November, three per cent in the month of December, two per cent in the following month of January, and one per cent in the following month of February, the taxes being payable in March without discount.” [Emphasis supplied]
This means, I believe, that the Legislature has determined that tax discounts for early payments shall be permitted only when the taxpayer has paid the tax “assessed on the county tax rolls. and collected by the county tax collector.” A partial payment by the taxpayer to the tax collector of the amount which the complainant taxpayer, shall admit to be legal and due does not meet the specific requirements of the discount statute in my opinion. The discount should be given, according to the statute only to those who pay the amount “assessed on the county tax rolls”, i. e., the full amount assessed; not to those who pay only a portion of the amount assessed on the county tax rolls, which they admit to be the amount legal and due.
The procedure approved of in the majority opinion permits the taxpayer to “assess” the amount of his own taxes and receive the statutory discount in addition. The statute in using the language “assessed on the county tax rolls” refers to the assessment by the tax assessor on the county tax rolls and not to an arbitrary amount decided upon by the taxpayer as his proper assessment.
The tax assessment by the county tax assessor on the county tax rolls is prima facie correct, until proven incorrect, to the exclusion of every reasonable hypothesis of legal assessment. Harbond, Inc. v. Anderson, Fla.App.1961, 134 So.2d 816. Therefore, I feel the assessed amount is the sum which the taxpayer must pay to avail himself of the statutory discount. Proof of the incorrectness of the assessment has not been made in the case, sub judice.
In the event that the taxpayer pays less, he should not be entitled to the discount unless the court determines that the taxpayer has proven his case. The court may then authorize the discount.
I, therefore, dissent.